IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALOYSIUS D. BLACKCROW, | CV 23-60-M-DLC |
| Petitioner, | |
| vs. | |
| LAKE COUNTY, | ORDER |
| Respondent. | |

Petitioner Aloysius D. Blackcrow (Blackcrow), filed a document which the Court construed as a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. (Doc. 1.)  Blackcrow was directed to file an amended petition using the Court's standard form.  (Doc. 5.)  The order explained that the form is useful to the Court because it contains information necessary to analyze an individual's claims and that, further, Blackcrow's claims were difficult to follow.  (*Id*. at 1-2.)  Blackcrow was given 21 days within which to file his response. (*Id*. at 3.)  Blackcrow has failed to comply with this Court's order.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the

1

Court.  *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019)(citation omitted).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules.  *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with a court order to amend a complaint).  The Court may dismiss a case on its own without awaiting a motion.  *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv*., 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999).

Blackcrow has failed to comply with this Court's order directing him to file an amended petition. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Blackcrow refuses to comply with the Court's orders. Blackcrow's case has consumed judicial resources and time that could have been better spent on other matters. This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case, although it does not weigh strongly against Blackcrow in the present case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such

alternatives prior to dismissal.  *Id.*  Blackcrow was afforded an adequate amount of time in which to prepare and file his amended petition.  Further, Blackcrow was advised that his failure to obey the court's order would result in dismissal.  (Doc. 5 at 4.)  Such a warning satisfies the considerations of the alternative requirement.  *See Ferdik*, 963 F. 2d at 1262.  Blackcrow had adequate warning that dismissal would result from his noncompliance.  At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits.  *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998).  But in light of the other four factors favoring dismissal, the weight of this factor is slight.  No further resources of the Court will be expended.  This matter will be dismissed based upon Blackcrow's failure to prosecute pursuant to Fed. F. Civ. P. 41(b).  Accordingly, the Court enters the following:

## ORDER

1.  This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2.  The Clerk of Court is directed to close this matter and enter judgment in favor of Respondent pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure

4

that any appeal of this decision would not be taken in good faith.  No reasonable

person could suppose an appeal would have merit.

      DATED this 21st day of June, 2023.


                                   */s/ Dana L. Christensen*
                                   Dana L. Christensen
                                   United States District Court Judge